**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**
**STATE OF LOUISIANA**

| | | |
|---|---|---|
| **ODESSA EDWARDS** | * | **CIVIL ACTION NO.:3:20-cv-00669** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | **JOHN W. DEGRAVELLES** |
| | * | |
| **WAL-MART LOUISIANA, LLC,** | * | **MAGISTRATE JUDGE:** |
| **WAL-MART STORES, INC., AND** | * | **RICHARD BOURGEOIS, JR.** |
| **WAL-MART BUSINESS REAL** | * | |
| **ESTATE TRUST** | * | **JURY TRIAL REQUESTED** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>**AMENDED NOTICE OF REMOVAL**</u>

Defendants, **Wal-Mart Louisiana, LLC, Walmart Inc. (f/k/a Wal-Mart Stores, Inc.), and Wal-Mart Real Estate Business Trust** ("Walmart") file this Notice of Removal pursuant to <u>28 U.S.C. §§ 1332</u> and <u>1441</u>, and hereby remove this matter from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

**I.    PRELIMINARY STATEMENT**

1.    On September 14, 2020,  Odessa Edwards, filed a lawsuit against Wal-Mart Louisiana, LLC, Walmart Inc., and Wal-Mart Business Real Estate Trust in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, bearing Case No. 699635, Division "23", and entitled "*Odessa Edwards v. Wal-Mart Louisiana, LLC, Wal-Mart Stores, Inc., and Wal-Mart Business Real Estate Trust*". (Plaintiff's Petition for Damages is attached as Exhibit "A").

2.    Plaintiff served Walmart with the Petition on September 21, 2020 through Walmart's agent for service of process, CT Corporation System. (Citations and Services of Process are attached as Exhibits "B", "C", and "D").

3.      Plaintiff's lawsuit seeks damages from Walmart for personal injuries and damages allegedly sustained by the Plaintiff as a result of an incident that occurred at the Wal-Mart Store located at 9350 Cortana Place, Baton Rouge, Louisiana on October 7, 2019.

4.      Plaintiff's Petition for Damages is silent as to the amount in controversy.

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO <u>28 U.S.C. § 1332</u>.

5.      <u>28 U.S.C. § 1332(a)(1)</u> provides "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States."

6.      The federal removal statute provides that "any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." <u>28 U.S.C. § 1441(a)</u>.

### A.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.

7.      The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, <u>309 F.3d 864, 868</u> (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, <u>63 F.3d 1326, 1335</u> (5th Cir.1995)).

8.      Plaintiff's Petition for Damages does not offer a binding stipulation that the Plaintiff will not seek to enforce any judgment that is more than $75,000.00, as would be required according to *Davis v. State Farm*, No. 06-560, slip op. (ED La. June 7, 2006).

9.      Plaintiff alleges in the Petition for Damages she sustained severe injuries to her head, neck, and shoulders as a result of Walmart's negligently stacked boxes of products toppling from a display and causing her to fall and to sustain injuries. (*See* Exhibit "A").

10.     Further, Plaintiff alleges she suffered severe injuries to her body and mind, together with past and future mental anguish and physical suffering; past and future loss of enjoyment of life; and past and future expenses for medical care allegedly related to the Walmart incident. These alleged damages place the amount in controversy above the threshold value of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs. (*See* Exhibit "A").

11.     Walmart has satisfied the procedural requirements for removal by filing this Notice of Removal within thirty (30) days after service on Walmart of Plaintiff's Petition for Damages.

**B.      COMPLETE DIVERSITY EXISTS BETWEEN THE WALMART DEFENDANTS AND PLAINTIFF.**

12.     Walmart Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas, and is a publicly held company. Walmart Inc., at all times relevant, was authorized to do business in the State of Louisiana.

13.     Wal-Mart Louisiana, LLC is a Delaware limited liability company with its principal place of business in Bentonville, Arkansas, and its sole member or owner being Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Bentonville, Arkansas and which is composed of two partners, namely WSE Management, LLC (GP) and WSE Investment, LLC (LP), both Delaware limited liability companies with their principal place of business in Bentonville, Arkansas.

The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC, an Arkansas limited liability company with its principal place of business in Bentonville, Arkansas.

The sole member of Wal-Mart Stores East, LLC is its parent company Walmart Inc. (f/k/a Wal-Mart Stores, Inc.), a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

Wal-Mart Louisiana, LLC, at all times relevant, was authorized to do business in the State of Louisiana.

14.    Wal-Mart Real Estate Business Trust is a business trust organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Arkansas. One-hundred percent (100%) of the voting shares of beneficial interest in Wal-Mart Real Estate Business Trust are controlled by Wal-Mart Property Co., a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Arkansas.

All shares of stock in Wal-Mart Property Co. is owned by Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Bentonville, Arkansas and which is composed of two partners, namely WSE Management, LLC (GP) and WSE Investment, LLC (LP), both Delaware limited liability companies with their principal place of business in Bentonville, Arkansas. The sole member of said two limited liability companies is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in Bentonville, Arkansas. All shares of stock in Wal-Mart Stores East, Inc. is owned by Walmart Inc. (f/k/a Wal-Mart Stores, Inc.), a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

Wal-Mart Real Estate Business Trust, at all times relevant, was authorized to do business in the State of Louisiana.

15.    Upon information and belief, Plaintiff is a resident of and domiciled in the Parish of East Baton Rouge, State of Louisiana.

16.    Accordingly, there is complete diversity of citizenship between the Plaintiff and the Defendants.

17.    Walmart's Notice of Removal is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by information furnished to Walmart by plaintiff, exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs, and complete diversity exists between all adverse parties.

## III.    WALMART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

18.    Defendants filed this Notice of Removal within thirty (30) days of receipt of Plaintiff's Petition for Damages, which was the first time Defendants could have ascertained that this case is removable under 28 U.S.C. § 1446(b).

19.    28 U.S.C. § 1446(b) expressly provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other action shall be removable only if none of the parties in interest **properly joined and served** as defendants is a citizen of the State in which such action is brought.

28 U.S.C. §1441(b) (**emphasis added**).

20.    The forum defendant rule prohibits removal pursuant to 28 U.S.C. §1332 in those cases where there is a local defendant.

21.    Jurisdiction is founded on the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in

controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs, and is between citizens of different States.

22.    The 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

23.    No previous application has been made by Walmart in this case for the relief requested herein.

24.    Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as Exhibit A.

25.    Pursuant to 28 U.S.C. § 1446(d), Walmart will serve a copy of this Notice of Removal upon counsel for Plaintiff, Odessa Edwards, and will file a copy of this Notice of Removal with the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

26.    Attached hereto are the following documents contained in the state court record:

a.    Plaintiff's Petition for Damages (Exhibit "A").

27.    Defendants, Walmart Inc., Wal-Mart Louisiana, LLC, and Wal-Mart Real Estate Business Trust, desire and are entitled to a **trial by jury** of all issues herein.

**WHEREFORE**, Defendants, Wal-Mart Louisiana, LLC, Walmart Inc., and Wal-Mart Real Estate Business Trust, hereby remove this action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of the United States District Court for the Middle District of Louisiana.

Respectfully submitted,

*Dorothy L. Tarver*

**DOROTHY L. TARVER (La. 29714)**
**ISIDRO RENÈ DeROJAS (La. 18182)**
**McCRANIE, SISTRUNK, ANZELMO,**
**    HARDY, McDANIEL & WELCH, LLC**
909 Poydras Street, Suite 1000
New Orleans, LA   70112
Telephone:  (504) 831-0946
Facsimile:  (800) 977-88210
Email: dtarver@mcsalaw.com
Email: iderojas@mcsalaw.com
*Attorneys for Defendants, Walmart, Inc., Wal-Mart Louisiana, LLC, and Wal-Mart Real Estate Business Trust*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 25 day of November 2020, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by filing this pleading electronically with the Clerk of Court for the United States District Court for the Middle District of Louisiana using the CM/ECF system.

*Dorothy L. Tarver*

**DOROTHY L. TARVER**