UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ODESSA EDWARDS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-669-JWD-RLB** |
| **WALMART LOUISIANA, LLC, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on December 9, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ODESSA EDWARDS**                                            **CIVIL ACTION**

**VERSUS**                                                       **NO. 20-669-JWD-RLB**

**WALMART LOUISIANA,**
**LLC, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion for Remand, Or, In the Alternative, Motion for Expedited Discovery filed on November 5, 2020. (R. Doc. 7). The deadline for filing an opposition has expired. LR 7(f). Accordingly, the motion is unopposed.

**I.**      **Background**

On September 14, 2020, Odessa Edwards ("Plaintiff") filed this lawsuit against Wal-Mart Louisiana, LLC, Walmart Inc., and Wal-Mart Business Real Estate Trust (collectively, "Defendants") in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana. (R. Doc. 1-1). Plaintiff alleges that while shopping at a Wal-Mart store on October 7, 2019, she approached an unstable product display with boxes stacked too high that toppled over onto her, "causing her to fall and sustain injuries." (R. Doc. 1-1 at 2-3). Plaintiff further alleges that she "sustained injuries to her body and mind, including but not limited to her head, neck, and shoulder, together with past and future mental anguish and physical suffering; past and future loss of enjoyment of life; [and] past and future expenses for medical care." (R. Doc. 1-1 at 3).

On October 6, 2020, Defendants removed the action asserting that the Court has diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1). In support of a finding that the amount in controversy requirement is satisfied, Defendants characterize Plaintiff's alleged injuries in the Petition as "severe" and note that the Petition "does not offer a binding stipulation that the Plaintiff will not seek to enforce any judgment that is more than $75,000.00." (R. Doc. 1 at 2-3).

1

Defendants also assert that there is complete diversity of citizenship because Plaintiff is a citizen of Louisiana, Walmart Inc. is a Delaware corporation with its principal place of business in Arkansas, Wal-Mart Louisiana, LLC is a "foreign" limited liability company with its principal place of business in Arkansas, and Wal-Mart Real Estate Business Trust is a real estate investment trust organized under the laws of the State of Delaware. (R. Doc. 1 at 3).

On November 5, 2020, Plaintiff filed the instant Motion asserting that Defendants have not met their burden of establishing that the amount in controversy requirement is satisfied. (R. Doc. 7). In short, Plaintiff argues that the jurisdictional amount cannot be based solely on the "boilerplate" allegations in the Petition, and Defendants have not submitted any summary judgment type evidence in support of a finding that the amount in controversy requirement is met. (R. Doc. 7-1 at 1-5). In the alternative, Plaintiff seeks expedited discovery to obtain the identities of the Wal-Mart employees responsible for stacking the products that caused Plaintiff's fall. (R. Doc. 7-1 at 5-6).

On November 12, 2020, the Court issued an order pursuant to 28 U.S.C. § 1653 requiring Defendants to identify the citizenship particulars of Wal-Mart Louisiana LLC and Wal-Mart Real Estate Business Trust. (R. Doc. 8).[1]

On November 25, 2020, Defendants filed a Motion for Leave of Court to File an Amended Notice of Removal. (R. Doc. 9). The Court granted the Motion, and substituted the Amended Notice of Removal for the original Notice of Removal. (R. Doc. 10). The Amended Notice of Removal does not provide any additional assertions or evidence with respect to the amount in controversy requirement. While Defendants sought leave to file an Amended Notice of Removal, they did not file an opposition to the instant Motion.

---

[1] The citizenship of a limited liability company such as Wal-Mart Louisiana LLC is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). The citizenship of an unincorporated statutory business entity such as Wal-Mart Real Estate Business Trust is its members, including its shareholders. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 194 L. Ed. 2d 71 (2016).

**II.    Law and Analysis**

   **A.    Legal Standards**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . permits the recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions, and are required to state whether there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to

3

show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

**B.    Analysis**

There is no dispute that there is complete diversity of citizenship. The only issue before the Court is whether the amount in controversy is facially apparent, and if not, whether the ambiguity regarding the amount in controversy has been resolved.

Plaintiff seeks recovery for alleged personal injuries related to the toppling of a display of boxes that caused her to fall. Plaintiff alleges damages due to "sustained injuries to her body and mind, including but not limited to her head, neck, and shoulder, together with past and future mental anguish and physical suffering; past and future loss of enjoyment of life; [and] past and future expenses for medical care." (R. Doc. 1-1 at 3). Plaintiff does not allege the severity or the

4

nature of her alleged physical injuries. Plaintiff does not identify any incurred medical and drug expenses or the scope of the medical treatment she received or continues to receive as a result of the incident. Plaintiff does not seek to recover any alleged lost wages.

"Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *See Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal–Mart Stores, Inc.*, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)), *report and recommendation adopted*, 2012 WL 278685 (M.D. La. Jan. 31, 2012). "When, as in the instant case, the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'" *Dunomes v. Trinity Marine Products, Inc.*, No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting *Broadway v. Wal-Mart Stores*, No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

The Petition does not provide sufficient facts for determining the severity of Plaintiff's injuries. Plaintiff does not allege the specific nature of her physical injuries or the treatment she sought or received. Plaintiff's vague allegation that she "sustained injuries to her body and mind, including but not limited to her head, neck, and shoulders" indicates little more than potential soft tissue damage. There is no allegation that Plaintiff has suffered fractures or other wounds that would require immediate medical attention. In the absence of additional factual assertions by

5

Plaintiff regarding the extent or nature of the actual physical injuries suffered, the Petition does not provide enough information for the court to conclude that the amount in controversy is facially apparent. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

Plaintiff's failure to include any allegations regarding the amount in controversy to support federal jurisdiction is not dispositive. *See Weber v. Stevenson*, No. 07-595, 2007 WL 4441261 (M.D. La. Dec. 14, 2007) ("[T]he plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy. There is so little information in the petition upon which to estimate the actual amount in controversy, a finding that the failure to include the "893" allegation resulted in the satisfaction of the jurisdictional minimum would be tantamount to finding that subject matter jurisdiction may obtain from a procedural omission, which is unsupportable."). Similarly, that Plaintiff did not include in the Petition a binding stipulation that she would not seek to enforce a judgment exceeding $75,000 is insufficient, without more, to support a finding that the amount in controversy is facially apparent. *See Lowe v. State Farm Fire & Cas. Co.*, No. 07-7454, 2008 WL 906311 (E.D. La. Apr. 2, 2008) ("Plaintiffs' failure to [submit a pre-removal binding stipulation] does not relieve the removing party of its burden to establish that the jurisdictional minimum is satisfied. In this case [the defendant] has not met its burden.").

The Petition also does not allege that Plaintiff is seeking a jury trial. This suggests that Plaintiff believes her claims to be less than $50,000, which is the threshold for a right to a jury trial in Louisiana. *See* La. C.C.P. Art. 1732. Even if Plaintiff had requested a jury, given the vague injuries and categorical damages alleged in the Petition, the court would give little weight to that request in establishing the amount in controversy. *See Brown v. Richard*, No. 00-cv-1982, 2000 WL 1653835, at *4 (E.D. La. Nov. 2, 2000) ("jury demand for state court can be a factor in

6

determining whether the amount in controversy requirement for federal jurisdiction is satisfied" but alone is not controlling to satisfy the jurisdictional requirement).

In the absence of additional factual assertions by Plaintiff regarding the extent or nature of the actual physical injuries suffered, the Petition does not provide enough information for the court to conclude that the amount in controversy is facially apparent. *See Simon*, 193 F.3d at 850. Despite having had the opportunity to do so, Defendants have not set forth any facts in controversy to support a finding that the amount in controversy requirement is satisfied. Given the foregoing, Defendants have not met their burden of demonstrating that the amount in controversy requirement is satisfied.

### C. Fifth Circuit Law regarding Removal

The Notice of Removal indicates that it complies with "the procedural requirements for removal" because it was done within 30 days of service of the Petition for Damages. (R. Doc. 1 at 3). As set forth below, counsel is in error as a matter of law and this 30 day period is inapplicable.

28 U.S.C. § 1446(b)(1) states that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading **setting forth the claim for relief** upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.") (emphasis added). The Fifth Circuit has established **a bright line rule** for when the initial pleading triggers this 30 day removal period. "[T]he thirty-day removal period under the first paragraph is triggered only where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013)

7

(quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added by *Mumfrey*)).

The Fifth Circuit adopted this bright-line rule because "it promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know." *Chapman*, 969 F.2d at 163. Otherwise, defendants would be encouraged "to remove prematurely in cases in which the initial pleading does not affirmatively reveal that the amount in controversy is in excess of $[75],000 so as to be sure that they do not accidentally waive their right to have the case tried in a federal court." *Id*. **Plaintiffs who wish to trigger the 30-day period for removal from the defendant's receipt of the initial pleading must "place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount**." *Id*. (emphasis added).

There is no question that the petition does not include such an allegation. As such, there is no question under the law that this 30 day period has never been triggered.

Even if the removing defendant was correct that the amount in controversy was "facially apparent" based on the allegations in the petition (it is not), the 30 day period would still be inapplicable. The 30 day deadline to remove is not triggered simply by receipt of an initial pleading from which it is "facially apparent" that the amount in controversy requirement is satisfied. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013) (distinguishing inapposite "amount dispute" cases holding that removal was appropriate where the jurisdictional amount was "facially apparent").[2] Put another way, in such a circumstance the case could be removed but the 30 day deadline was not triggered to require it to be removed.

---

[2] The instant case does not involve the 30 day period of removal following the receipt of other paper pursuant to 28 U.S.C. §1446(b)(3) ("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper **from which it may first be ascertained** that the case is one which is or has become removable.") (emphasis added). It also does not involve the one year period of removal under 28 U.S.C. §1446(c).

8

The current judges in the Middle District of Louisiana have consistently applied the law of the Fifth Circuit on this issue. As noted above, that law is designed to prevent premature removal (as it appears to have been the case here). Counsel is ordered to share this report and recommendation with all members of counsel's firm. In the future, further premature removals, and then failure to oppose a motion to remand, will result in a payment of costs and fees or other appropriate orders.[3]

### IV.  Conclusion

Based on the foregoing,

**IT IS RECOMMENED** that Plaintiff's Motion for Remand (R. Doc. 7) be **GRANTED**, and this action be **REMANDED** to the 19th Judicial District, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on December 9, 2020.

     _____
     **RICHARD L. BOURGEOIS, JR.**
     **UNITED STATES MAGISTRATE JUDGE**

---

[3] "An order remanding a case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c).

9